Opinion filed December 3, 2009 











 
 
  
 
 







 
 
  
 
 




Opinion filed December 3,
2009 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-09-00267-CR

                                                    __________

 

                                     ANDY WAYNE SELF, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 29th District Court

 

                                                       Palo
Pinto County, Texas

 

                                                    Trial
Court Cause No. 13557

 



 

                                              M E
M O R A N D U M   O P I N I O N

This
is an appeal from a judgment adjudicating guilt.  We dismiss.








On
March 13, 2009, Andy Wayne Self entered a plea of guilty to the offense of
engaging in organized criminal activity.  Pursuant to the plea bargain
agreement, the trial court deferred the adjudication of guilt and placed
appellant on community supervision for eight years.  A fine of $2,500 was also
assessed.  At the July 22, 2009 hearing on the State=s motion to adjudicate, appellant entered
pleas of true to the allegations that he had violated the terms and conditions
of his community supervision.  The trial court found the allegations to be
true, revoked appellant=s
community supervision, adjudicated his guilt, and imposed a sentence of
confinement for thirty-five years and a $2,500 fine.

Appellant=s court-appointed counsel
has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  

Counsel
has briefed one potential point of error in which he examines if the punishment
assessed was grossly disproportionate to the offense.  Appellant was indicted
for agreeing with five other individuals to manufacture methamphetamine in the
amount of 200 grams or more but less than 400 grams.  Over a one month period,
appellant together with the five other individuals performed the overt act of
purchasing pseudoephedrine tablets on multiple occasions with the goal of
manufacturing methamphetamine.  The record reflects that appellant entered a
voluntary plea of guilty to the first degree felony offense.[1] 
At the adjudication hearing, appellant entered pleas of true to the allegations
that, during the four months he was on community supervision, he had committed
the offense of possession of a controlled substance, he had consumed
methamphetamine, he was discharged from the chemical abuse program after two
days, and he had failed to perform community service hours and failed to pay
costs and fees as ordered.

As
counsel notes, the punishment assessed was well within the range authorized by Tex. Penal Code Ann. ' 12.32 (Vernon Supp. 2009)
of confinement for either life or a term of not less than five years and not
more than ninety-nine years and an optional fine not to exceed $10,000.  A
penalty assessed within the range of punishment established by the legislature
will not be disturbed on appeal. Jackson v.
State, 680 S.W.2d 809 (Tex. Crim.
App. 1984); Bradfield v. State, 42 S.W.3d 350, 354 (Tex. App.CEastland 2001, pet. ref=d.).  The possible point is overruled.








Counsel
has provided appellant with a copy of the brief and advised appellant of his
right to review the record and file a response to counsel=s brief.  A response has
not been filed.  Court-appointed counsel has complied with the requirements of Anders
v. California, 386 U.S. 738 (1967); In re Schulman, 252 S.W.3d 403
(Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503 (Tex. Crim.
App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie
v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969); and Eaden v. State, 161 S.W.3d
173 (Tex. App.CEastland
2005, no pet.).

Following
the procedures outlined in Anders, we have independently reviewed the
record, and we agree that the appeal is without merit.  We note that counsel
has the responsibility to advise appellant that he may file a petition for
discretionary review by the Texas Court of Criminal Appeals.  Ex parte Owens,
206 S.W.3d 670 (Tex. Crim. App. 2006).  Likewise, this court advises appellant
that he may file a petition for discretionary review pursuant to Tex. R. App. P. 66.  Black v. State, 
217 S.W.3d 687 (Tex. App.CEastland
2007, no pet.). 

The
motion to withdraw is granted, and the appeal is dismissed.

 

PER CURIAM

 

December 3, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Tex. Penal Code Ann. ' 71.02 (Vernon Supp. 2009) and Tex. Health & Safety Code Ann. ' 481.112 (Vernon Supp. 2009) define the offense and
declare it to be a first degree felony.